IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| DIGERATI TECHNOLOGIES, INC., | § § | CASE NO. 13-33264-H4-11 |
| DEBTOR. | § § § § | (Chapter 11) Judge Bohm |
| DIGERATI TECHNOLOGIES, INC., PLAINITFF, | § § § | Removed from Cause No. 2013-06483 in the 281ST Judicial District Court of Harris County, Texas |
| VS. | § § | ADV. PROC. NO. _____ |
| SONFIELD & SONFIELD, P.C., *ET AL.,* DEFENDANTS. | § § | |

## NOTICE OF REMOVAL

**TO THE HONORABLE JUDGE OF SAID COURT:**

Comes now Digerati Technologies, Inc. ("Debtor"), is the Plaintiff, in the above-entitled state court matter, which files this Notice of Removal the action styled *Digerati Technologies, Inc. v. Sonfield & Sonfield, P.C., et al.,* Cause No. 2013-06483, pending in the 281st Judicial District Court of Harris County, Texas ("State Court Action" or "Removed Case") to the United States District Court for the Southern District of Texas, Houston Division.

1. Pursuant to 28 U.S.C. §1452(a) and Fed. R. Bankr. P. 9027, Debtor files this Notice of Removal ("Removal") in the United States Bankruptcy Court for the Southern District of Texas, as the State Court Action is pending in this District.

2. The Removed Case is related to the captioned bankruptcy case.

3. Pursuant to 28 U.S.C. §1452(a), the Removed Case may be removed to this Court.

4. After the Notice of Removal is filed with the clerk of the State court, "the State

court **shall proceed no further** unless and until the case is remanded." 28 U.S.C. § 1446(d) (emphasis added).

5. Pending transfer or other disposition of this removed adversary proceeding, the State Court has no jurisdiction over the removed case.

6. Jurisdiction of this case arises under 28 U.S.C. §1334 and 11 U.S.C. §§ 105 and and 541. The Removed Case is a civil action other than a proceeding before the Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power. As grounds for this Removal, Debtor respectfully submits the following:

### Venue

7. Venue is proper in this District under 28 U.S.C. § 144l(a) because the state court where the suit was filed is located in this District.

### The Removed Action

8. In February 2013, Digerati initiated the Removed Case against Defendants in the Harris County District Court, seeking to prohibit Defendants from taking actions on behalf of the company. On March 4, 2013, the state court entered a temporary restraining order enjoining the Defendants from taking any further action on behalf of or exercising control over Digerati, its affiliates and subsidiaries until trial ("TRO"). Certain of the Defendants, entities they control, and others acting with the Defendants initiated lawsuits against Digerati's CEO, CFO, SEC counsel, a financial consultant working with the company and others. These lawsuits include *Rhodes Holdings, LLC et al. v. David L. Gorham et al.*, Cause No. 2013-CI-02253 in the 285th Judicial District Court of Bexar County, Texas, *Recap Marketing and Consulting, LLP v. Gregg E. Jaclin and Christy Albeck*, Cause No. 2013-05480 in the 157th Judicial District Court of Harris County, Texas, and R*obert L. Sonfield, Jr., P.C. v. Christy E. Albeck and Gregg*

*E. Jaclin*, Cause No. 2013-05429 in the 129th Judicial District Court of Harris County, Texas. Through the litigation, Defendants and their affiliates have sought to circumvent the TRO by seeking temporary restraining orders in Bexar County against the principals of Oleum Capital, LLC in order to gain control of Digerati indirectly through Oleum.

9. Oleum Capital, LLC owns a majority share of the voting rights and control of Digerati which it acquired when the Debtor merged with Waste Deep, Inc. which was majority owned by Oleum.

10. All of this litigation is currently pending in the various state courts and resolution of the disputes is not expected in the near term. This cloud of litigation has significantly impacted the Debtor. Litigation costs have averaged $40,000 per month and are expected to continue at this level or more. Further, prior to the initiation of the litigation, Digerati contemplated the sale of its subsidiaries and began marketing efforts. However, the commencement of the litigation has created a cloud as to the control of the company which must be resolved in order for the company to either reorganize or sell its assets, thereby prompting the filing of this bankruptcy case.

**Relation of the Removed Action to the Bankruptcy Case**

11. Digerati Technologies, Inc. ("Debtor") filed a voluntary chapter 11 petition on May 30, 2013, commencing a reorganization case (the "Chapter 11 case") which is pending before this court. The Debtor is a debtor in possession pursuant to 11 U.S.C. §§ 1101, 1107 and 1108.

12. At the time of the commencement of the Chapter 11 case, the State Court Action was still pending before the State Court.

13. All such claims and causes of actions in the State Court Action have a clear and direct impact on interests and property of the estate under 11 U.S.C. § 541. Resolution of the claims asserted in the State Court Action will significantly affect the administration of the estate and the equity security holder relationship wgucg are core proceeding under 28 U.S.C. § 157. In the event that any claim or cause of action asserted in the State Court Action is determined to be non-core, the Debtor consents to the entry of final orders or judgments by the bankruptcy judge.

14. This Notice of Removal is timely as it is filed less than ninety (90) days after the order for relief in the Chapter 11 case. As mentioned above, the State Court Action was pending when the Chapter 11 case was commenced. Removal of each claim and cause of action of the Civil Action to the Bankruptcy Court is authorized by 28 U.S.C. §§ 1452, and 1334.

**Bankruptcy Jurisdiction**

15. Removal is proper pursuant to this Court's bankruptcy jurisdiction, as authorized by 28 U.S.C. § 1334(b), which provides that federal district courts have "original jurisdiction of all civil proceedings ... arising in or related to cases under title 11." Cases subject to such jurisdiction are removable under the authority of 28 U.S.C. § 1452, which states that "[a] party may remove any claim or cause of action ... to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." The District Court has a standing order of reference to the Bankruptcy Court.

16. The State Court Action "arises in" and/or "relates to" the Bankruptcy Case as the State Court Action is inextricably linked to the bankruptcy because it could result in findings or rulings that affects the control and management of the debtor which is critical to the administration of the Debtor's estate, equity interests in the Debtor and/or could lead to

inconsistent findings with the bankruptcy court. For these reasons, removal is proper.

17. In the Fifth Circuit, if an action could "conceivably have any effect on the estate being administered in bankruptcy, the Bankruptcy Court has "related to" jurisdiction over the ction." *Wood v. Wood (In re Wood)*, 825 F.2d 90, 93 (5th Cir. 1987). In the present case, the State Court Action could affect the bankruptcy and, therefore, it is appropriate for this Court to exercise "related to" jurisdiction.

**Pleadings of State Court Action**

18. True and correct copies of all process and pleadings filed in this action are attached hereto. A copy of the notice will be filed with the State Court without the exhibits.

**Reservation**

19. No admission of fact, law or liability is intended by this Notice of Removal, and all defenses, motions, counterclaims, and pleas are expressly reserved.

NOW THEREFORE, all parties are hereby notified to proceed no further in the State Court Action styled as *Digerati Technologies, Inc. v. Sonfield & Sonfield, P.C., et al.,* Cause No. 2013-06483, pending in the 281st Judicial District Court of Harris County, Texas and the Debtor further requests any other relief the Court deems just and equitable.

DATED: June 4, 2013

        Respectfully submitted,

        HOOVER SLOVACEK, LLP

          /s/Deirdre Carey Brown
By: _____
        EDWARD L. ROTHBERG
        State Bar No. 17313990
        MELISSA A. HASELDEN
        State Bar No. 00794778
        DEIRDRE CAREY BROWN
        State Bar No. 24049116
        MAZELLE S. KRASOFF
        State Bar No. 24078802
        5847 San Felipe, Suite 2200
        Houston, Texas 77057
        Telephone: (713) 977-8686
        Facsimile: (713) 735-4135

        BANKRUPTCY ATTORNEYS FOR PLAINTIFF
        DIGERATI TECHNOLOGIES, INC.

## CERTIFICATE OF SERVICE

     I hereby certify that on June 4, 2013, a true and correct copy of foregoing Notice of Removal was served by facsimile and certified mail return receipt requested upon the following parties without exhibits on all parties listed below. Any party who wants copies of exhibits are instructed to contact the above signed counsel for Debtor. The Notice is also being emailed to those parties indicated on June 4, 2013.

Paul Flack
Reagan D. Pratt
Pratt & Flack, LLP
1331 Lamar Street, Suite 1250
Houston, Texas 77010
Fax: 888-819-2258

Dale Head
Phillips & Reiter, PLLC
1300 W. Sam Houston Pkwy., Suite 340
Houston, TX 77042
Fax: 713-784-6806
dhead@outsourcegc.com


James D. Pierce
One Sugar Creek Center #1080
Sugar Land, Texas 77478
Fax: 713-650-0146
jim@jamespierce.com

Melissa Gomez
Venable, LLP
575 7th Street, NW
Washington, DC 20004
mgomez@Venable.com
Fax: 202-344-8300


Lloyd E. Kelley
Lloyd E. Kelley & Associates
2726 Bissonnet #240 PMB 12
Houston, Texas 77005
Fax: 281-652-5973
kelley@lloydekelley.com

Chevazz Brown
Curt Langley
Jamila Brinson
Jackson Walker, LLP
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Fax: 713-608-4138

George W. Gore
The Gore Law Firm, PC
6200 Savoy, #1150
Houston, Texas 77036
Fax: 713-224-2004
ggore@thegorelawfirm.com

Darryl Spiller
2726 Bissonnet, Suite 240, PMB 12
Houston, Texas 77005
Fax: 281-652-5973
spillerlegal@hotmail.com


Stephen Smith
Christian, Smith & Jewell, LLP
2302 Fannin, Suite 500
Houston, Texas 77002
Fax: 713-659-7641
ssmith@csj-law.com


Robert Corn
2000 The Lyric Centre
440 Louisiana Street
Houston, Texas 77002
Fax: 713-229-0057

Jason Norwood
Renshaw Norwood, PLLC
2900 Weslayan, Suite 230
Houston, Texas 77027
Fax: 713-400-9006

Honorable Susan S. Soussan
1330 Post Oak Blvd. #2880
Houston, TX 77056
Telephone:  713-961-2880
Facsimile:  713-961-2886
susan@soussan-adr.com

/s/Deirdre Carey Brown
Deirdre Carey Brown