IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | NO. 13-33264 |
| DIGERATI TECHNOLOGIES, INC. | § | |
| | § | |
| DEBTOR | § | (Chapter 11) |

## SECURED CREDITORS' MOTION TO STRIKE CERTAIN ITEMS FROM HERRERA'S AMENDED DESIGNATION OF CLERK'S RECORD
[Relates to Doc. No. 1095]

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

TO THE HONORABLE JEFF BOHM, CHIEF UNITED STATES BANKRUPTCY JUDGE:

Secured Creditors Terry Dishon, Hurley Fairview, LLC and Sheyenne Rae Nelson Hurley ("Secured Creditors") present their Motion to Strike Certain Items (the "Motion") concerning Appellants Gilbert A. Herrera and Herrera Partners' Amended Designation of Clerk's Record (the "Herrera Designation") [Doc. No. 1095] and, in support thereof would respectfully show the Court as follows:

# I.

# FACTUAL BACKGROUND

1. On January 12, 2015, after several days of an evidentiary hearing, this Court entered its Order Denying in its Entirety the Final Fee Application of Debtor's Investment Banker Gilbert A. Herrera and Herrera Partners for Allowance of Compensation for Services and Reimbursement of Expenses for the Period Beginning July 1, 2013 Through April 4, 2014 (the "Fee Order") [Doc. No. 1057] and Memorandum Opinion [Doc. No. 1056]. The Fee Order denied the Final Fee Application [Doc. No. 826] filed by Gilbert A. Herrera and Herrera Partners in its entirety and ordered Gilbert A. Herrera and Herrera Partners to disgorge the $40,000.00 retainer that they had received from the Debtor.

2. On January 23, 2015, Gilbert A. Herrera and Herrera Partners ("Herrera") filed a Notice of Appeal [as amended, Doc. No. 1076] regarding the Fee Order.

3. On February 6, 2015, Herrera filed his Designation of Clerk's Record [Doc. No. 1081] in regards to his appeal of the Fee Order. On February 9, 2015, counsel for Secured Creditors contacted Herrera's appellate counsel by telephone to confer regarding Herrera's Designation. On February 10, 2015, in an effort to determine whether any agreement could be reached prior to filing a Motion to Strike, counsel for Secured Creditors sent a detailed e-mail setting forth each and every item in Herrera's Designation that Secured Creditors contended was not proper for inclusion in the Clerk's Record for appeal of the Fee Order and identifying several items that were omitted from Herrera's Designation that should be included. Specifically, of the 189 items listed in Herrera's Designation, Secured Creditors contended that 147 of the items designated were not proper for inclusion in the Clerk's Record.

4.  Thereafter, counsel for Secured Creditors and appellate counsel for Herrera met twice in person[1] to discuss the Herrera Designation in an effort to reach agreement regarding proper items to include in the Clerk's Record relating to the appeal of the Fee Order. While a complete agreement was not reached despite the good faith efforts of all counsel involved, significant progress was made regarding the Herrera Designation, which resulted in Herrera filing his Amended Designation of Clerk's Record [Doc. No. 1095] on February 20, 2015. Specifically, as a result of the discussions and agreements reached by counsel for Herrera and the Secured Creditors, there are now only 77 items listed in Herrera's Designation that Secured Creditors contend are not proper for inclusion in the Clerk's Record. To aid the Court, the Secured Creditors have prepared a redlined version of the Herrera Designation [Doc. No. 1095] striking the objectionable items, attached hereto as **Exhibit A**.

## II.

## RELIEF SOUGHT

5.  The Secured Creditors respectfully request this Court to strike those items included in the Herrera Designation that: (1) were not made part of the evidence introduced during the hearing on the Herrera Final Fee Application, (2) are not relevant to the issues presented during the hearing on the Herrera Final Fee Application, (3) were not considered by the Court in issuing the Fee Order, and (4) do not conform to the requirements of Bankruptcy Rule 8009 and applicable Fifth Circuit law concerning the contents of an appellate record. As mentioned above, the Secured Creditors have prepared a redlined version of the Herrera Designation striking the objectionable items, attached hereto as **Exhibit A**.

---

[1] February 13 and 17, 2015.

III.

## AUTHORITIES IN SUPPORT OF RELIEF SOUGHT

6. Federal Rule of Bankruptcy Procedure 8009(e)(1) provides that if any difference arises about whether the record accurately discloses what occurred in the bankruptcy court, the difference must be submitted to and settled by the bankruptcy court and the record conformed accordingly. FED. R. BANKR. P. 8009(e)(1). A party may move to strike an item that has been improperly designated as part of the record on appeal. *Id.*

7. The Fifth Circuit has articulated several limitations on the categories and types of items that may be included in a bankruptcy appellate record. In the Fifth Circuit, items to be designated on appeal must first become part of the bankruptcy court's record. More specifically, the Fifth Circuit has stated:

> Rule 8006[2] provides that the record on appeal from a bankruptcy court decision consists of designated materials that became part of the bankruptcy court's record in the first instance. The rule does not permit items to be added to the record on appeal to the district court if they were not part of the record before the bankruptcy court.

*In re SI Restructuring, Inc.*, 480 Fed.Appx. 327, 328-29 (5th Cir. 2012) (quoting *Zer-Ilan v. Frankford (In re CPDC, Inc.)*, 337 F.3d 436, 443 (5th Cir. 2003)). The appellate record should only include items that the bankruptcy court actually considered in entering the appealed order. *See Mehta v. Havis (In re Shah)*, 204 Fed. Appx. 357, 359 (5th Cir. 2006) (finding that the district court did not err in refusing to allow appellant to designate items that were never introduced as evidence before the bankruptcy court or considered by the bankruptcy court).

---

[2] Rule 8006 is the predecessor to Rule 8009 as a result of significant amendments to the bankruptcy appellate rules, effective December 1, 2014.

SECURED CREDITORS' MOTION TO STRIKE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . PAGE 4

8. With the exception of the evidence admitted at the hearing, the hearing transcripts and operative underlying pleadings, the majority of items listed on Herrera's Designation consists of items that this Court did not consider in entering the Fee Order and therefore did not become part of the record at the hearing. For example, many items contained in the Herrera Designation pertain to the pending HooverSlovacek Final Fee Application hearing, adversary proceedings associated with the case but unrelated to the Herrera Final Fee Application, prior Plans that the Debtor failed to get confirmed, transcripts and exhibits from unrelated hearings, discovery disputes and various motions and objections unrelated to Herrera's compensation or his Final Fee Application. These various items were not admitted into evidence (much less offered) at the Herrera Fee Application hearing and are also not relevant to the issues and evidence considered by the Court when it entered the Fee Order and issued the related Memorandum Opinion. This Court knows exactly what evidence it considered when entering the Fee Order and is in the best position to determine which items are not proper for inclusion in the Clerk's Record on appeal. The purpose of a designation of Clerk's Record on appeal is to provide the items that were considered by the bankruptcy court in making its decision and not to give the appellate court the same aerial perspective of the entire case that the bankruptcy court had.

9. The appropriate sanction for designation of an item that was not considered by the trial court in reaching its decision is to strike the document from the record. *Brewer v. New York State Dept. of Correctional Services (In re Value-Added Communs.)*, 224 B.R. 354, 357 (N.D. Tex. 1998); FED. R. BANKR. P. 8009(e)(1).

IV.

CONCLUSION

10. Altogether, the Record Designations at issue include volumes of pleadings and other documents that were never made part of the record before this Court at the Herrera Final Fee Application hearing and therefore have no relevance to arguments made on appeal regarding the Fee Order. Herrera should not be given a license to build a new record on appeal or another "bite at the apple" to have the U.S. District Court consider so-called evidence (including testimony and exhibits that the Secured Creditors and other Objectors were not given the opportunity to object to and/or conduct cross-examination) that he failed to present to this Court at the Final Fee Application hearing. Such an unnecessarily voluminous and irrelevant record on appeal will also cause inefficiency and inconvenience for the clerks of both this Court and the District Court, the District Court judge and his staff who will be tasked with reviewing the record on appeal, as well as the Secured Creditors, other Objectors and their counsel. For all these reasons, this Court should strike the non-conforming portions of Herrera's Designation as set forth in the attached **Exhibit A** pursuant to Rule 8009(e)(1).

V.

PRAYER

WHEREFORE, PREMISES CONSIDERED, the Secured Creditors request the Court grant this Motion, strike Herrera's Amended Record Designation as requested herein, and grant the Secured Creditors such other and further relief to which they may be justly entitled.

Respectfully submitted,

COKINOS, BOSIEN & YOUNG

By: /s/ *Misty A. Segura*
    CRAIG E. POWER
    Federal Bar No. 3868
    Bar No. 16210500
    cpower@cbylaw.com
    MISTY A. SEGURA
    Federal Bar No. 30751
    Bar No. 24033174
    msegura@cbylaw.com
    ABBIE G. SPRAGUE
    Federal Bar No. 1125904
    Bar No. 24074244
    asprague@cbylaw.com
    Four Houston Center
    1221 Lamar Street, 16th Floor
    Houston, Texas 77010-3039
    (713) 535-5500
    Fax: (713) 535-5533

**ATTORNEYS FOR SECURED CREDITORS, TERRY DISHON, HURLEY FAIRVIEW, LLC AND SHEYENNE RAE NELSON HURLEY**

OF COUNSEL:
COKINOS, BOSIEN & YOUNG
1221 Lamar Street, 16th Floor
Houston, Texas 77010-3039
(713) 535-5500

## CERTIFICATE OF CONFERENCE

I certify that, on February 10, 13 and 17, 2015, I conferred with Mr. York and Ms. Hataway-Coné, appellate counsel for Mr. Gilbert Herrera and Herrera Partners, regarding the Secured Creditors' Motion to Strike. Although agreement was reached as to some items contained in Herrera's Designation of Clerk's Record, a complete resolution was not reached regarding this matter. Therefore, this dispute is presented to the Court for its consideration.

    /s/ *Misty A. Segura*
    MISTY A. SEGURA

## CERTIFICATE OF SERVICE

I certify that on March 4, 2015, I sent a true and correct copy of *Secured Creditors' Motion to Strike Certain Items from Herrera's Amended Designation of Clerk's Record* by service electronically through the Court's ECF system on all parties registered to receive such notice and also served the following counsel of record by electronic mail:

*COUNSEL FOR APPELLANT GILBERT A. HERRERA AND HERRERA PARTNERS:*
R. Alan York           (Alan.York@GodwinLewis.com)
Misty A. Hataway-Coné (Misty.Cone@GodwinLewis.com)
Godwin Lewis, P.C.

*DEBTOR'S COUNSEL:*
Edward L. Rothberg   (rothberg@hooverslovacek.com)
Deirdre Carey Brown  (brown@hooverslovacek.com)
Melissa Anne Haselden (haselden@hooverslovacek.com)
HooverSlovacek, LLP

*COUNSEL FOR OBJECTORS:*
Lloyd E. Kelley   (kelley@lloydekelley.com)
The Kelley Law Firm

Johnie Patterson   (jjp@walkerandpatterson.com)
Walker and Patterson, P.C.

James D. Pierce   (jim@jamespierce.com)
Attorney at Law

George William Gore   (ggore@goretexas.com)
The Gore Law Firm

/s/ *Misty A. Segura*
MISTY A. SEGURA